# UNITED STATES DISTRICT COURT

__SOUTHERN__ DISTRICT OF __CALIFORNIA__

In the Matter of the Search of
(Name, address or brief description of person, property or premises to be searched)

One Grey Nextel Motorola i205 Cellular Telephone without Photo Capabilities Seized From Felix Hernandez-Chavez and In The Custody of DEA

APPLICATION AND AFFIDAVIT
FOR SEARCH WARRANT

Case Number: '08 MJ 8401

I, __ABEL HEREDIA__ being duly sworn depose and say:

I am a(n) __Task Force Officer with the Drug Enforcement Administration__ and have reason to believe
Official Title

that ☐ on the person of or ☑ on the property or premises known as (name, description and/or location)

REFER TO ATTACHMENT A

in the __SOUTHERN__ District of __CALIFORNIA__

there is now concealed a certain person or property, namely (describe the person or property to be seized)

REFER TO ATTACHMENT B

which is (state one or more bases for search and seizure set forth under Rule 41(c) of the Federal Rules of Criminal Procedure)

electronic data that constitutes evidence of a criminal offense, and electronic data which is and has been used as the means for committing a cirminal offense.

concerning a violation of Title __21__ United States code, Section(s) __841(a)(1), 846, 952, 960, 963__

The facts to support a finding of probable cause are as follows:

REFER TO ATTACHED AFFIDAVIT OF DEA TASK FORCE OFFICER ABEL HEREDIA

FILED
MAY 0 5 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

Continued on the attached sheet and made a part hereof: ☑ Yes ☐ No

_____
Signature of Affiant

Sworn to before me and subscribed in my presence,

5/5/08 at EL CENTRO   CALIFORNIA
Date                     City           State

William McCurine        U.S. Magistrate Judge    _____
Name of Judge           Title of Judge           Signature of Judge

## ATTACHMENT A

## DESCRIPTION OF PROPERTY TO BE SEARCHED

One Grey Nextel Motorola i205 Cellular Telephone without Photo Capabilities, that was found in the personal property of Felix Hernandez-Chavez at the time of his arrest.



The cellular telephone to be searched is currently located at the DEA Imperial County District Office, Imperial, California.

ATTACHMENT B

ITEMS TO BE SEIZED

Any and all electronically stored information in said cellular phone, including:

- a. telephone numbers of incoming/outgoing calls stored in the call registry

- b. telephone numbers and corresponding names to those numbers stored in the cellular telephone's address book;

- c. any incoming/outgoing text messages which evidences the relationship between the existence of a conspiracy to import, possess or sell controlled substances in violation of 21 U.S.C. §§ 841(a)(1), 846, 952, 960, and 963;

- d. telephone subscriber information; and

- e. any other electronic information in the stored memory and/or accessed by the active electronic features of the digital or cellular phone including photographs, e-mail, and voicemail which evidences the existence of a conspiracy to import, possess, sell, and distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1), 846, 952, 960, and 963

1

**AFFIDAVIT**

UNITED STATES OF AMERICA    )
                            )  SS
SOUTHERN DISTRICT OF CALIFORNIA  )

I, Abel Heredia, being duly sworn, depose, and say:

1. I make this affidavit in support of an application for a search warrant in furtherance of a narcotics investigation conducted by special agents of the United States Drug Enforcement Administration ("DEA") for the following target location: One grey Nextel Motorola i205 cellular telephone without photo capabilities seized from Felix Hernandez-Chavez and in the custody of DEA.

2. Based upon my experience and training, and all the facts and opinions set forth in this Affidavit, I believe the following items will be found in the cellular telephone to be searched further:

   a. telephone numbers of incoming/outgoing calls stored in the call registry;
   b. telephone numbers and corresponding names to those numbers stored in the cellular telephone's address book;
   c. any incoming/outgoing text messages;
   d. telephone subscriber information;
   e. any other electronic information in the stored memory and/or accessed by the active electronic features of the digital or cellular telephone including but not limited to e-mail, voicemail, and photos;

which evidences (1) the existence of a conspiracy to import, possess, sell, and distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1), 846, 952, 960, and 963, (2) contraband, fruits of crime or things otherwise criminally possessed, and (3) property designed or intended for use or which is or has been used as a means of committing criminal offenses.

3. The information contained in this affidavit is based on my experience and training, consultation with other special agents of DEA, Supervisory and Patrol Agents of

the United States Border Patrol, Special Agents with Immigration and Customs Enforcement ("ICE"), and other federal agents and state law enforcement officers. The evidence and information contained herein was developed from interviews, documents, border crossing records available on the Treasury Enforcement Communication System ("TECS"), vehicle records from the California Department of Motor Vehicles ("DMV"), agency reports, and public records.

I

## EXPERIENCE AND TRAINING

4.  I am a Police Officer with the City of Imperial Police Department, and have been so for approximately one year and a half. I am also assigned as a Task Force Officer with the Drug Enforcement Administration ("DEA"), Imperial County District Office. Prior to my current position as a Task Force Officer with the DEA, I have approximately seven years of combined law enforcement experience as an officer.

5.  I have received training in all aspects of conducting narcotics investigations. I am familiar with narcotics traffickers' methods of operation including the distribution, storage, and transportation of narcotics and the collection of money proceeds of narcotics trafficking and methods of money laundering used to conceal the nature of the proceeds. I am familiar with, and have participated in, all of the normal methods of investigation including, but not limited to, visual surveillance, questioning of witnesses, the use of search and arrest warrants, the use of confidential sources and informants, and the use of undercover agents.

6.  I have assisted in investigations regarding the unlawful importation, possession, and distribution of controlled substances. Throughout my law enforcement career, I have conducted and participated in investigations that have resulted in the seizure of multi-kilogram quantities of methamphetamine, cocaine, and marijuana.

II

## DETAILS OF THE INVESTIGTION

7.     On March 14, 2008, at approximately 7:15PM, United States Border Patrol Agents ("USBPA") Hector R. Clark and David Santana were working primary inspection at the United States Border Patrol Checkpoint located on Highway S-2, near Ocotillo, California. At that time, a red Ford F-150 with a New Mexico license plate entered primary inspection. The two occupants of the vehicle were later identified as Felix Hernandez-Chavez (Hernandez) the driver and Hugo Montes-Martinez (Montes) the passenger. USBPA Clark questioned Hernandez as to his citizenship when he noticed the rear seats were lifted and saw two bundles of what appeared to be marijuana attempting to be concealed laying on the floor. USBPA Santana who was by the passenger side noticed another bundle of what also appeared to be marijuana on the bed of the truck partially concealed. Hernandez and Montes were separated from the vehicle and each other.

8.     USBPA Clark contacted Hernandez and obtained consent to search the F-150. USBPA Clark discovered 3 bundles of suspected marijuana with an approximate weight of 86.75 kilograms or 191.25 pounds. SA Butler inspected the bundles and found them to be three plastic, burlap style bags with straps similar to a back pack. The bags were spray painted green. Inside the bags there were a total of 17 individual bundles of marijuana.

9.     DEA Special Agents Jeffrey Butler and Richard Slattery were called to continue with the investigation. SA Butler advised Hernandez of his <u>Miranda</u> warning and Hernandez agreed to answer questions without an attorney present.

10.    Hernandez told SA Butler that he was the registered owner of the F-150. Hernandez said a man he only knew as "Guero" had hired him to transport three suitcases from Calexico to El Cajon. Hernandez would be paid approximately 3,000 pesos or $300 for transporting the suitcases. In addition to the suitcases, Hernandez was given a Nextel cell phone. SA Butler asked Hernandez if he had looked in the suitcases or asked what was inside. Hernandez said he did not look or ask what was inside the suitcases because

3

he thought there could be something bad inside.

11. SA Butler searched Hernandez' property and found three phones described as:

    a. One black Nextel Motorola i415 cellular phone without photo capabilities

    b. One grey Nextel Motorola i205 cellular phone without photo capabilities

    c. One black and silver Sony Ericsson Z550a cellular phone with photo capabilities

12. These phones were seized by SA Butler and transported to the Imperial County DEA office where they remain. Agents have not removed the batteries to determine further identifying information such as the serial number.

### III

### BASIS FOR EVIDENCE SOUGHT IN SEARCH WARRANTS

13. I have spoken with numerous individuals who have been involved in the use, sale, manufacture, cultivation, transportation, and illegal distribution of controlled substances and, from doing so, I have learned techniques commonly used by those involved in the distribution, cultivation, manufacturing, packaging, and transportation of controlled substances. I have worked with cooperating sources of information and from them have learned the ways in which narcotic traffickers and clandestine laboratory operators conduct business.

14. Through my training and experience, and in consultation with other agents and informants, I have learned that:

    a. Members of drug trafficking and distribution organizations communicate via cellular telephones and store the names and telephone numbers of other people involved in drug trafficking and distribution activities in the memory of the cellular telephones. Individuals involved in drug trafficking often utilize multiple cellular

telephones to conduct narcotics trafficking transactions and other illegal activity.

b. Members of drug trafficking and distribution organizations often utilize cellular telephones with photo capabilities to take photographs and videos of other members of drug trafficking and distribution organizations, drugs, money and assets purchased with drug proceeds.

## IV

## CONCLUSION

15.   Based on my training and experience, consultation with other special agents and law enforcement officers, and all of the facts and opinions set forth in this affidavit, I have probable cause to believe that narcotics offenses, including violations of 21 U.S.C. §§ 841(a)(1), 843(b), 846, have been committed and evidence of the crimes will be found in the cellular telephone described in Attachment A. I believe that names, nicknames, and/or telephone numbers of other co-conspirators involved in, and associated with drug trafficking and distribution, as well as data describing the time, date, and duration of incoming and outgoing calls to the cellular phone.

16.   Wherefore, your affiant respectfully requests a warrant be issued authorizing DEA Task Force Officers and Special Agents to examine, analyze, and make record of the contents of the information stored in the seized cellular telephone described in Attachment A.

This Affidavit is based on reports, documents, and notes furnished to Drug Enforcement Administration Task Force Officer Abel Heredia.

ABEL HEREDIA
Task Force Officer
Drug Enforcement Administration

Sworn to and subscribed before me
this 5th day of May, 2008

WILLIAM MCCURINE
United States Magistrate Judge

5